UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICARDO QUINTANILLA MEJIA,

                                  Petitioner,

                                                                                                    Case # 20-CV-6434-FPG

v.

                                                                                                   DECISION AND ORDER

WILLIAM P. BARR, Acting Attorney General, et al.,

                                  Respondents.
_____

## INTRODUCTION

*Pro se* Petitioner Ricardo Quintanilla Mejia, a civil immigration detainee detained at the Buffalo Federal Detention Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He argues that his continued detention is unconstitutional. The government opposes the petition. ECF No. 6. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are drawn from the record. Petitioner is a citizen and native of El Salvador. Respondents indicate that Petitioner has repeatedly entered the United States unlawfully, most recently on October 3, 2016. ECF No. 6-3 at 3-4. Agents with Customs and Border Protection apprehended Petitioner near the border on that date, and he has since been in the custody of immigration authorities.

On July 27, 2017, an immigration judge denied Petitioner's requests for relief from removal. ECF No. 6-1 at 27. On December 26, 2017, the Board of Immigration Appeals dismissed Petitioner's appeal. *Id.* at 31-33. Petitioner thereafter sought review with the Second Circuit Court

of Appeals, where his case remains pending.  The Second Circuit has entered a stay of removal in connection with the petition for review.  *See Quintanilla-Mejia v. Barr*, No. 18-67, Dkt. No. 41 (dated Oct. 22, 2018).

Respondents claim that Petitioner's custody status has been reviewed seven times.  *See* ECF No. 6-3 at 4.  In addition, on July 27, 2017, an immigration judge issued a custody determination under the standards prescribed by *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015).  *See* ECF No. 6-1 at 28.  Under *Lora*, immigration authorities were required to provide immigrants detained under 8 U.S.C. § 1226(c) "a bail hearing before an immigration judge within six months of [their] detention."  *Lora*, 804 F.3d at 616.  In addition, immigrants were entitled to bail "unless the government establishe[d] by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community."[1]  *Id.*  In Petitioner's case, the immigration judge denied bond, finding that he was a flight risk.  ECF No. 6-1 at 28.

On November 20, 2018, Petitioner filed a habeas petition in this district.  On October 28, 2019, District Judge Elizabeth A. Wolford denied the petition without prejudice.  *See Quintanilla-Mejia v. Sessions*, No. 18-CV-6830, ECF No. 13 (dated Oct. 28, 2019).  Judge Wolford rejected Petitioner's claim that his prolonged detention violated his substantive due process rights and merited immediate release.  *See id.* at 10-11.  Judge Wolford also rejected Petitioner's procedural due process claim, as he had failed to allege a change in circumstances.  *See id.* at 12-13.  She indicated that Petitioner could refile his petition should he "undergo a material change in circumstances."  *Id.* at 13 n.2.

---

[1] In March 2018—after Petitioner's bond hearing—the Supreme Court vacated *Lora* in light of its decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).  *See Shanahan v. Lora*, 138 S. Ct. 1260 (2018).

Petitioner has been detained for approximately four years in total, for more than three years since his *Lora* bond hearing, and for approximately one year since the disposition of his previous habeas petition.

**DISCUSSION**

Under several theories, Petitioner argues that his continued detention without a bond hearing is unconstitutional. *See* ECF No. 1 at 8-9. However, because it is dispositive, the Court need only address Petitioner's procedural due process claim.[2]

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). This includes aliens, like Petitioner, whose removal is stayed pending appeal. *See id.* The default rule is that officials may release aliens on bond or conditional parole while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). "Section 1226(c), however, carves out a statutory category of aliens who may not be released . . . ." *Id.* The parties agree that Petitioner falls within the ambit of Section 1226(c). *See* ECF No. 6-3 at 9; ECF No. 7 at 5.

---

[2] To the extent Petitioner raises a substantive due process claim, he is not entitled to relief. Courts have recognized that an alien's detention may continue for such a long period as to violate his substantive due process rights, "regardless of the procedural protections afforded." *Fallatah v. Barr*, No. 19-CV-379, 2019 WL 2569592, at *3 (W.D.N.Y. June 21, 2019). While the length of Petitioner's detention—approximately four years—is undoubtedly long, it does not meet that onerous standard. *See Sanusi v. INS*, 100 F. App'x 49, 51 (2d Cir. 2004) (summary order) (six-year detention did not violate due process); *Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019) (detention lasting more than two years and three months insufficient to violate substantive due process).

By its plain terms, Section 1226(c) "mandates detention of any alien falling within its scope" and does not contemplate periodic bond hearings for said aliens. *Jennings*, 138 S. Ct. at 842, 847. But this Court has held that "mandatory detention under Section 1226(c) may violate an alien's [procedural] due process rights if the alien is held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6060, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019). To determine whether an alien's procedural due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Id.*; *see also Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019). If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify such detention. *Hemans*, 2019 WL 955353, at *5.

Furthermore, this Court has held that, as a matter of procedural due process, immigration detainees must receive *periodic* bond hearings. *See Thomas v. Whitaker*, No. 18-CV-6870, ECF No. 19, at 4-6 (dated Aug. 7, 2019). In *Thomas*, this Court held:

> An immigration judge's one-time finding that [a detainee] *was* a flight and danger risk does not prove that he will *remain* such a risk in the future. It therefore does not obviate the need—as a matter of basic procedural due process—for some method of periodically reviewing the grounds for [the detainee's] continued detention. . . .
>
> In the Court's view, the same standards that apply to a procedural due process claim where an alien has not received any bond hearing ought to apply in this context: first, the Court considers whether the alien's detention has been unreasonably prolonged since the last bond hearing, and second, if it has, the Court determines whether the government has provided constitutionally adequate procedural safeguards. If the government has not done so, the alien may be entitled to relief, including the right to a bond hearing with appropriate procedural safeguards. It makes sense to consider, as a threshold issue, the length of an alien's detention since the last bond hearing, because periodic review is premised on the notion that the circumstances justifying detention may grow stale with the passage of time. If the alien had a bond hearing within a few months of his habeas petition, it is unlikely that circumstances will have so dramatically changed as to justify a second

> hearing. But as the length of detention increases, so does the likelihood of changed circumstances and the need for a fresh examination of the risks the alien poses.
>
> Once his detention has been unreasonably prolonged, an alien has a right to a new bond hearing. The standards governing the second hearing should be the same as those governing the first: the government bears the burden of proving by clear and convincing evidence that the alien is a flight risk or danger to the community.

*Id.* at 6-7 (internal citations, quotation marks, and brackets omitted).

Applying this standard, Petitioner is entitled to a bond hearing.[3] First, Petitioner's detention since his last bond hearing has been unreasonably prolonged: the bond determination in his *Lora* hearing was made in July 2017, more than three years ago. That fact weighs heavily in Petitioner's favor. *See, e.g.*, *Hemans*, 2019 WL 955353, at *6 (noting that detention lasting two years and three months "weigh[ed] heavily in [the petitioner's] favor"); *see also Dutt v. Nielsen*, No. 19-CV-155, ECF No. 21 at 4 (W.D.N.Y. May 7, 2019) (collecting cases for proposition that fifteen-month detention is "beyond the point at which courts find detention unreasonably prolonged").

Contrary to Respondents' argument, Petitioner cannot be faulted for the delays attendant to the normal administrative and appeals process, as he has not abused the processes available to him or otherwise maliciously delayed proceedings. *See Hechavarria*, 891 F.3d at 56 n.6 (distinguishing between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process"); *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018) (concluding that pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably

---

[3] While Judge Wolford employed a different analysis in resolving Petitioner's previous petition, Respondents do not argue that this Court is compelled, as a matter of law, to employ Judge Wolford's standards in lieu of those it generally uses to resolve immigration-habeas petitions.

5

prolonged"). Accordingly, Petitioner's detention has been unreasonably prolonged, and he has passed the first step.

Second, Petitioner has not received sufficient process to justify his continued detention. This Court has repeatedly held that due process requires the government, not the alien, to prove by clear and convincing evidence that continued detention is justified. Petitioner last received such process in July 2017—at his *Lora* bond hearing. The fact that Petitioner later received a number of constitutionally inadequate "custody reviews" is irrelevant.

In short, because Petitioner's detention has been unreasonably prolonged since his last bond hearing, and because he has not received sufficient process since that last bond hearing, the Court concludes that Petitioner's continued detention violates his procedural due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards, as set forth below.

However, purely as a procedural matter, the Court notes that the only proper respondent is Jeffrey Searls, the Assistant Field Office Director of the ICE Buffalo Field Office. As the person with direct control over Petitioner's detention, he is the proper respondent given Petitioner's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)).

## CONCLUSION

For the reasons discussed above, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART. The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By October 20, 2020, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community.  To conclude that detention is justified, the immigration judge must also find that no less restrictive alternative to detention that could reasonably assure Petitioner's appearance and the safety of the community exists.  If a bond hearing is not held by October 20, 2020, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision.  By October 23, 2020, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: October 6, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court